IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD SAMUEL, ) | |
| ) | |
| Plaintiff, ) | 8:04cv373 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| SARPY COUNTY SHERIFF'S ) | |
| OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the following pending motions: (1) filing nos. 52, 64 and 65, the Motions to Compel filed by the plaintiff, Richard Samuel; (2) filing no. 54, the plaintiff's Motion for Summons Forms[1]; (3) filing no. 55, the plaintiff's Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction; (4) filing no. 59, the Motion for Summary Judgment filed by defendants-Dval Enterprises and Kay Byerly; and (5) filing no. 61, the Motion for Summary Judgment filed by the remaining defendants, the Sarpy County Sheriff's Office, et al.  In his Amended Complaint (filing no. 10) (caption amended in filing no. 27), the plaintiff alleges that conditions at the Sarpy County Jail violated the Eighth Amendment to the United States Constitution. The plaintiff was incarcerated at the jail before he transferred to his present location, the Nebraska State Penitentiary.

**Commissary**

The plaintiff's claims against defendants-Dval Enterprises and Kay Byerly relate to an alleged unfair trade practice by the commissary at the Sarpy County Jail.  The plaintiff objects to the practice of removing Little Debbie snack foods from their original packaging and reselling the snacks individually at inflated prices. In his Motion for a TRO and Preliminary Injunction, the plaintiff seeks various forms of injunctive relief, including a ban on the sale of any Little Debbie products at the Sarpy County Jail.

Dval Enterprises and Kay Byerly, who operate the commissary, move for summary judgment because the plaintiff's allegations against them fail to state a claim on which relief may be granted under the Constitution or laws of the United States.  The defendants are correct.  "Commissary prices implicate no constitutional right." Bennett v. Sheahan, 1999 WL 967534 at *4 (N.D. Ill. 1999).  See, e.g., French v. Butterworth, 614 F.2d 23 (1st Cir.), cert. denied, 446 U.S. 942 (1980) ("[T]here is simply no legal basis for a demand that

---

[1]As a preliminary matter, the plaintiff's Motion for Summons Forms (filing no. 54) is denied as moot, as the court previously sent the requested summons forms to the plaintiff.

1

inmates be offered items for purchase at or near cost."). See also <u>Bagwell v. Brewington-Carr</u>, 2000 WL 1239960,*2-*3 (D. Del. 2000) ("an inmate has no constitutionally protected right to purchase food or other items as cheaply as possible through the prison commissary"), *aff'd*, 32 Fed. Appx. 31, 2002 WL 537021 (3rd Cir. Mar 12, 2002). Accord <u>Reed v. Dallas County Sheriff's Dept.</u>, 2004 WL 2187104, *6 (N.D. Tex. Sept. 28, 2004) ("overcharging for commissary items does not independently violate any constitutional right and thus fails to state a claim under 42 U.S.C. § 1983"), Report and Recommendation adopted, <u>Reed v. Dallas County Sheriff's Dept.</u>, 2004 WL 2495085 (N.D. Tex. Nov. 04, 2004). Cf. <u>Myrie v. Commissioner, N.J. Dept. of Corrections</u>, 267 F.3d 251, 257 (3d Cir. 2001) (ten percent surcharge on the price of all commodities purchased in prison commissaries, imposed to fund compensation for crime victims, does not violate double jeopardy, ex post facto, bill of attainder, excessive fine, due process or equal protection provisions).

Accordingly, the allegedly inflated commissary prices and repackaging practices to which the plaintiff objects do not provide the plaintiff with a Constitutional or federal claim on which relief may be granted. Therefore, filing no. 55, the plaintiff's Motion for a TRO and Preliminary Injunction, will be denied, and filing no. 59, the Motion for Summary Judgment filed by defendants-Dval Enterprises and Kay Byerly, will be granted.

**Jail Conditions**

In filing no. 61, the remaining defendants, the Sarpy County Sheriff's Office, et al., move for summary judgment regarding the plaintiff's claims of unconstitutional conditions at the Sarpy County Jail. The plaintiff complains that he was forced to endure cold food, inadequate bedding, clothing, towels, laundry and sanitation, and misappropriation of his books. The plaintiff attempts to assert his claims on behalf of himself and other inmates affected by the conditions. However, as a pro se litigant, the plaintiff may not represent other parties. "Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." <u>Craig v. Cohn</u>, 80 F. Supp.2d 944, 946 (N.D. Ind. 2000) (citations omitted). Accord <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). See also <u>Fymbo v. State Farm Fire and Cas. Co.</u>, 213 F.3d 1320, 1321 (10th Cir. 2000): "A litigant may bring his own claims to federal court without counsel, but not the claims of others." Accord <u>Allnew v. City of Duluth</u>, 983 F.Supp. 825, 831 (D. Minn. 1997).

The defendants have not denied many of the plaintiff's factual allegations. However, for two reasons, the plaintiff's claims do not rise to a level of Constitutional magnitude under the Eighth Amendment. First, many of the incidents described by the plaintiff amount to no more than negligence. For example, the defendants concede that they experienced a temporary shortage of prison clothing, which explains why the plaintiff had to wear the same jumpsuit for 42 days, with only intermittent laundering. Negligent conduct may be redressed under state law in a state court, but negligence does not state

a cause of action for violation of the Eighth Amendment. See, e.g., Farmer v. Brennan, 511 U.S. 825, 834-35 (1994) (it is the unnecessary and wanton infliction of pain which constitutes cruel and unusual punishment forbidden by the Eighth Amendment; deliberate indifference and wantonness are more than mere negligence).

Second, while the conditions, as described by the plaintiff, were lamentable, the plaintiff was not exposed to them for a long enough period to support a claim of cruel and unusual punishment under the Eighth Amendment.² See, e.g., Smith v. Copeland, 87 F.3d 265, 268-69 (8th Cir. 1996): "The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities .... However, any analysis of confinement conditions must be based on the totality of the circumstances .... We have found a constitutional violation where inmates were forced to work without protective gear 'in a shower of human excrement.'... We have also ordered prisons to provide protective gear and to warn of the dangers of working in AIDS-contaminated waste .... We have similarly found a violation where an inmate was forced to endure a cell covered with filth and human waste for two full years .... **[T]he length of time a prisoner is subjected to harsh conditions is a critical factor in our analysis**." (Citations omitted; emphasis added.) The plaintiff's period of detention at the Sarpy County Jail was brief and did not result in a deprivation of the minimal civilized measure of life's necessities. I do not decide whether a longer period of exposure to the same conditions would violate the Constitution.

## Supplemental Jurisdiction

A federal district court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over claims arising under state law upon dismissal of the claim(s) over which the court has original jurisdiction. Because the plaintiff has not stated a claim on which relief may be granted under *federal* law against the defendants, the court declines to exercise supplemental jurisdiction over the plaintiff's claims founded on state law. In addition, 28 U.S.C. § 1367(d) tolled the limitations period for the state law claims during the pendency of this federal lawsuit. 28 U.S.C. § 1367(d) states in pertinent part: "The period of limitations for any claim asserted under subsection (a) ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." The tolling provision of section 1367(d) provides "assurance that state-law claims asserted under § 1367(a) will not become time barred while pending in federal court." Jinks v. Richland County, 538 U.S. 456, 464 (2003). Any claims in this case arising under state law will be dismissed without prejudice to enable their timely reassertion in a state court, if the plaintiff wishes to pursue them.

---

²The court's records and information available to the public on the internet website of the Nebraska Department of Correctional Services indicate that the plaintiff spent approximately three months at the Sarpy County Jail, i.e., May 13, 2004 to August 20, 2004.

In light of the disposition of this case, the additional pending motions will be denied as moot.

THEREFORE, IT IS ORDERED:

1. That filing nos. 52, 64 and 65, the plaintiff's Motions to Compel, are denied as moot;

2. That filing no. 54, the plaintiff's Motion for Summons Forms, is denied as moot;

3. That filing no. 55, the plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, is denied;

4. That filing nos. 59 and 61, the defendants' Motions for Summary Judgment, are granted to the extent the motions are consistent with this Memorandum and Order;

5. That the plaintiff's complaint, as amended, and this action are dismissed; and

6. That a separate judgment will be entered accordingly.

DATED this 31st day of May, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
Joseph F. Bataillon
Chief District Judge